UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SIMPSON,

    Plaintiff,

v.

COLEMAN and MYERS,

    Defendants.
_____/

Case No. 07-cv-13125

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** (document no. 45)**, GRANTING DEFENDANT COLEMAN'S MOTION FOR SUMMARY JUDGMENT** (document no. 35)**, DISMISSING ALL CLAIMS AGAINST DEFENDANT MYERS, AND DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL** (document no. 3)

### INTRODUCTION

This lawsuit was filed pursuant to 42 U.S.C. § 1983, alleging a deprivation of rights secured by the federal Constitution. The *pro se* plaintiff is Richard Simpson, an inmate in the custody of the Michigan Department of Corrections. The remaining defendants are employees of the prison where plaintiff is or was housed. Simpson alleges that defendants refused to permit him to photocopy a habeas corpus petition he was working on, on the grounds that he did not have enough money in his prison account. As the statute of limitations on Simpson's petition was set to expire only three days after the day Simpson was refused permission to make the copies, the result of this refusal was that his filing was dismissed as untimely. *See Simpson v. Wolfenbarger*, No. 05-cv-71298, 2006 WL 416189 (E.D. Mich. Feb. 21, 2006).

Simpson responded with this lawsuit, in which he alleged that numerous defendants interfered with his First-Amendment right of access to the courts. The case was referred

to Magistrate Judge Virginia M. Morgan for all pretrial matters. Document no. 19. On Judge Morgan's recommendation, document no. 33, summary judgment on all Simpson's claims has already been granted in favor of most of the original defendants., document no. 34, leaving only defendants Robin Coleman and Louis Myers. Coleman then moved for summary judgment. Document no. 35. Presently before the Court is Judge Morgan's Report and Recommendation ("R&R") recommending that this motion be granted. Document no. 45.

Judge Morgan recommended granting the motion on three grounds. First, she concluded that, to the Simpson is suing Coleman in her official capacity, his suit is really one for money damages against the State of Michigan, and therefore is barred by Eleventh Amendment immunity. Second, Magistrate Judge Morgan noted that although Simpson's habeas petition was indeed dismissed on statute-of-limitations grounds, both the district and circuit courts to which it was presented also considered the merits of the claim, and found it wanting. Therefore, Judge Morgan concluded that Coleman is entitled to qualified immunity because there is no indication that Simpson was actually prejudiced by any denial of access to the courts he may have been subjected to. Third, Judge Morgan recommended holding that summary judgment is appropriate because Simpson did not exhaust his state administrative remedies with respect to his claims, as required by 42 U.S.C. § 1997e(a).

Judge Morgan also recommended that the Court grant summary judgment *sua sponte* with respect to Simpson's claims against Myers, for the same reasons that she recommended summary judgment in favor of Coleman. Additionally, Judge Morgan noted that Myers has never been properly served, and recommended dismissing the claims in his

2

favor on that basis as well. Simpson has filed objections to this Report and Recommendation.

## ANALYSIS

A District Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of an R&R that no party has objected to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, Federal Rule of Civil Procedure 72(b)(3) provides that the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Thus, the Court will conduct *de novo* review of the R&R with respect to Simpson's objections.

Simpson offers two different objections to Magistrate Judge Morgan's conclusions. First, he attacks Judge Morgan's recommendation that defendants be granted qualified immunity. Second, he asserts that dismissal of his claims against Myers for want of proper service is not warranted, because by order of the court he was relying on the United States Marshals to effect service, and because the return was filed under seal he had no notice that anything had gone awry.

I.  Absence of Prejudice to Plaintiff

Simpson apparently concedes that the courts that considered his habeas petition relied on its substantive lack of merit as an alternative basis for doing so, but nevertheless contends that if the courts had not also dismissed the petition on statute-of-limitations grounds, they might have come to a different conclusion on the merits.

3

The Court finds this contention of Simpson's to be supported by nothing more than speculation. As Judge Morgan noted, in order to assert a claim that he has been denied access to the courts, a plaintiff must demonstrate that his prosecution or defense of some legal matter was actually prejudiced by this denial of access. *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996). Here, against as Magistrate Judge Morgan noted, although the habeas court did find Simpson's petition to be barred by the statute of limitations, it also fully considered the substantive merits of his claims, and found them wanting. *Simpson v. Wolfenbarger*, No. 05-cv-71298, 2006 WL 416189, at *6-*7 (E.D. Mich. Feb. 21, 2006). Indeed, in its "Conclusion" section the district court relied on both rationales equally, stating that "[p]etitioner's claims are time-barred and without merit." *Id.* at *8. In a later order declining to issue Simpson a certificate of appealability, the district court relied exclusively on its holding on the merits of the claims to conclude that "[r]easonable jurists would not debate whether the petition state a valid claim of the denial of a constitutional right." *Simpson v. Wolfenbarger*, No. 05-cv-71298, at *2 (E.D. Mich. Apr. 5, 2006). On appeal, again as noted by Judge Morgan, the United States Court of Appeals for the Sixth Circuit noted the district court's alternative holdings, and agreed that "[r]easonable jurists would not find it debatable whether the Michigan courts applied federal law unreasonably in rejecting Simpson's constitutional claims." *Simpson v. Wolfenbarger*, No. 06-1464, at *2 (6th Cir. Nov. 3, 2006). Finally, and again as noted by Judge Morgan, the United States Supreme Court denied Simpson's petition for certiorari, without comment. *Simpson v. Wolfenbarger*, 549 U.S. 1325 (U.S. 2007). Accordingly, no reasonable finder of fact could possibly conclude that the outcome of Simpson's habeas petition would have been different if it had been timely filed, and summary judgment is appropriate on this basis. The Court will adopt this portion of the R&R.

4

This alone would warrant summary judgment on behalf of both defendants, as recommended by Judge Morgan. The Court additionally notes, however, that Simpson has offered no objection to the Magistrate's recommendations as to Eleventh Amendment immunity and exhaustion of administrative remedies, the latter of which would also justify summary judgment as to all remaining claims.

## II. Service of Myers

Simpson also objects to Judge Morgan's recommendation that the Court *sua sponte* dismiss his claims against Myers for lack of proper service. The Court had ordered service to be effected by the United States Marshals, using addresses provided by the Michigan Department of Corrections. Orders of March 26, 2008, and April 22, 2008, documents no. 25 and 29. By the magistrate's order, the addresses were provided *in camera*, and the returns of service were filed under seal. Document nos. 25, 29. Regardless, the docket does indicate that Myers has not been served. *See* Notice of Waiver of Service Returned Unexecuted, document no. 31 (filed under seal).

Magistrate Judge Morgan correctly noted that a plaintiff who is awarded service by the Marshals is normally entitled to rely on them to effect proper service. R&R at *15. Nevertheless, Judge Morgan went on to conclude that Simpson is not entitled to this reliance, because he should have been aware that the service documents had been returned unexecuted and yet did nothing to correct the situation. *Id.* at *15-*16.

Simpson objects that because all the relevant documents were filed under seal, he could not have been expected to know that service had not been accomplished. In this Court's understanding, Simpson is correct in noting that as an imprisoned *pro se* plaintiff, he has no access to court documents filed under seal. But no such access was required

5

in order to ascertain the status of service. Although Simpson was unable to view the return of service itself, he needed only to view the Court's docket to ascertain that the return had not been executed. The title of docket entry 31, available to public view in the Eastern District of Michigan's Case Management/Electronic Case Filing system, is: "[FILED UNDER SEAL PURSUANT TO 29] Waiver of Service Returned Unexecuted as to Myers." Thus, Simpson cannot reasonably claim to have had no notice of the defect in service. As Simpson does not object to Judge Morgan's articulation of the legal rule that a plaintiff in this position is unable to avoid dismissal for lack of service of process, the Court will adopt this portion of the R&R as well.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED**, defendant Coleman's motion for summary judgment is **GRANTED**, and all claims against defendant Myers are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motion to appoint counsel is **DENIED AS MOOT**. Judgment will be entered in favor of defendants, and the case will be closed.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 10, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 10, 2009, by electronic and/or ordinary mail.

Alissa Greer
Case Manager